[Cite as *State v. Robinson*, 2020-Ohio-6916.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2020-A-0008** |
| ORRIN F. ROBINSON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula County Court of Common Pleas, Case No. 2018 CR 00698.

Judgment: Affirmed.

*Cecilia M. Cooper,* Ashtabula County Prosecutor, and *Shelley M. Pratt,* Assistant Prosecutor, Ashtabula County Prosecutor's Office, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Lucas M. Blower,* Brouse McDowell, LPA, 388 South Main Street, Suite 500, Akron, OH 44311 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Orrin F. Robinson, appeals the January 13, 2020 judgment of the Ashtabula County Court of Common Pleas sentencing him to two consecutive 36-month prison terms on two counts of assault. For the reasons set forth herein, the judgment is affirmed.

{¶2} While an inmate at the Lake Erie Correctional Institution in 2018, Mr. Robinson was involved in a physical altercation with two corrections officers working at

the prison: Mr. Brockway and Mr. Kociemski. Mr. Robinson was charged with two counts of assault; he pleaded not guilty. The case proceeded to trial, and the jury ultimately found Mr. Robinson guilty of two counts of Assault, in violation of R.C. 2903.13(C)(3), felonies of the third degree. The trial court sentenced Mr. Robinson to 36 months imprisonment on each count to be run consecutively. Mr. Robinson now appeals, assigning one error for our review, which states:

{¶3} The Trial Court incorrectly denied Orrin Robinson's Crim.R. 29 motion for acquittal on the offense of assaulting an employee of the department of rehabilitation and correction under R.C. 2903.13 since there was no evidence introduced at trial that alleged the victims were, in fact, employees of the DRC.

{¶4} "[W]hen an appellant makes a Crim.R. 29 motion, he or she is challenging the sufficiency of the evidence introduced by the state." *State v. Patrick*, 11th Dist. Trumbull Nos. 2003-T-0166 and 2003-T-0167, 2004-Ohio-6688, ¶18. Sufficiency of the evidence challenges "whether the prosecution has presented evidence on each element of the offense to allow the matter to go to the jury." *State v. Schlee,* 11th Dist. Lake No. 93-L-082, 1994 WL 738452, *4 (Dec. 23, 1994). ""[T]he test [for sufficiency of the evidence] is whether after viewing the probative evidence and the inference drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all of the elements of the offense beyond a reasonable doubt. The claim of insufficient evidence invokes an inquiry about due process. It raises a question of law, the resolution of which does not allow the court to weigh the evidence."" (Emphasis omitted.). *Id.* quoting *State v. Davis*, 49 Ohio App.3d 109, 113 (8th Dist.1988).

{¶5} R.C. 2903.13 states, in pertinent part:

{¶6} (A) No person shall knowingly cause or attempt to cause physical harm to another * * *.

2

{¶7} * * *

{¶8} (C)(3) If the offense occurs in or on the grounds of a state correctional institution * * *, the victim of the offense is an employee of the department of rehabilitation and correction * * *, and the offense is committed by a person incarcerated in the state correctional institution * * *, assault is a felony of the third degree.

{¶9} The parties stipulated that Mr. Robinson was an inmate at the Lake Erie Correctional Institution on the date of the offenses. Evidence was presented to show that Lake Erie Correctional Institution, while a private institution, operated under a contract with the Department of Rehabilitation and Correction ("DRC"). R.C. 9.06(G) states that, "[a]ny offense that would be a crime if committed at a state correctional institution or jail, workhouse, prison, or other correctional facility shall be a crime if committed by or with regard to inmates at facilities operated pursuant to a contract entered into under this section."

{¶10} Mr. Robinson's sole argument is that his offense was not committed against employees of the DRC as both officers testified they were employees of CoreCivic, not employees of the DRC as required by R.C. 2903.13(C)(3).

{¶11} The court, in denying Mr. Robinson's Crim.R. 29 motion, and the state, on appeal, rely on this court's decision in *State v. Johnson,* 11th Dist. Ashtabula No. 2001-A-0043, 2002-Ohio-6570, which stated that an assault on a corrections officer at the Lake Erie Correctional Institution "was to be treated as an assault on a corrections officer of a state correctional facility." *Id.* at ¶20.

{¶12} On appeal, Mr. Robinson argues *Johnson* is distinguishable from the case at bar because the issue in *Johnson* was not whether the victim was an employee of the DRC but whether the indictment was sufficient to give the accused notice of the offense which he is charged. However, in order to determine whether the indictment was

3

sufficient, this court considered whether the victim was an employee of the DRC for purposes of elevating the assault to a felony. In doing so, this court held that, "based on R.C. 9.06, the assault on [the] Corrections Officer * * * at the Lake Erie Correctional Institution was to be treated as an assault on a corrections officer of a state correctional facility." *Id.* at ¶20.

{¶13} In *State v. Varner*, 11th Dist. Ashtabula No. 2002-A-0083, 2004-Ohio-2790, this court reiterated this holding. Appellant argues *Varner* only addressed the first element, that is whether a privately run prison was the equivalent of a state correctional institution. He notes that the trial court stated, the jury would "'still have to find whether this offense occurred there and whether the victim was an employee, whether [appellant] was incarcerated.'" *Id.,* at ¶34. Nevertheless, this court based it decision, in part, on this court's holding in *Johnson,* noting that "'any offense "that would be a crime if committed at a state correctional institution (* * *) shall be a crime if committed by or with regard to inmates at facilities operated pursuant to a contract entered into under R.C. 9.06." R.C. 9.06(G). Therefore, based on R.C. 9.06, the assault on [a corrections officer] at the Lake Erie Correctional Institution was to be treated as an assault on a corrections officer of a state correctional facility.'" *Varner, supra,* at ¶20, quoting *Johnson, supra,* at ¶20.

{¶14} Additionally, the Ninth Appellate District has quoted this holding from *Johnson. State v. Godfrey*, 9th Dist. Lorain No. 09CA009703, 2011-Ohio-512, ¶15 (finding that even if the correctional institute were privately operated, appellant's argument fails because an assault on a corrections officers at a private correctional institution is to be considered an assault on a corrections officer at a state facility.)

{¶15} Appellant makes no argument why we should now deviate from our prior holdings. We note that though R.C. 2903.13(C) has been modified and renumbered since

4

our decisions in *Johnson* and *Varner*, the changes are inconsequential to this analysis, as the three elements required to elevate an assault to a felony remain (1) whether the assault took place at a state correctional facility, (2) the victim was an employee of a state correctional facility, and (3) the perpetrator was an inmate of a state correctional facility. Despite the change in language and numbering to R.C. 2903.13(C) since *Johnson* and *Varner,* R.C. 9.06(G) has not been modified and the rationale on which our holding relies still applies. Therefore, we here reiterate our holding that an assault on a corrections officer at a private institution operating under a contract pursuant to R.C. 9.06 is to be treated as an assault on a corrections officer of a state correctional facility.

{¶16} Given that Mr. Robinson stipulated he was incarcerated at the Lake Erie Correctional Institution, and that the state presented evidence to show that the Lake Erie Correctional Institution operates under a contract with the DRC and the victims were employed there as corrections officers, we find the state presented sufficient evidence of the elevating factors to allow the matter to go to the jury. The trial court did not err in denying Mr. Robinson's Crim.R. 29 motion and his sole assignment of error on appeal is without merit.

{¶17} Accordingly, the judgment of the Ashtabula County Court of Common Pleas is affirmed.


TIMOTHY P. CANNON, P.J.,

THOMAS R. WRIGHT, J.,

concur.

5